IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                    23-CR-102-LJV

JOSEPH BARSUK,

Defendant.

## PLEA AGREEMENT

The defendant, JOSEPH BARSUK, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.    THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to plead guilty to Count 1 of the Indictment which charges a violation of Title 18, United States Code, Section 1594(c) (Conspiracy to Commit Sex Trafficking) for which the maximum possible sentence is a term of imprisonment of life, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of at least 5 years and up to life. The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2.      The defendant understands that, unless the defendant is indigent, the Court must impose a special assessment of $5,000 pursuant to Title 18, United States Code, Section 3014, in addition to the assessment imposed under Title 18, United States Code, Section 3013.

3.      The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 5 years, without credit for time previously served on supervised release, and if the defendant commits any criminal offense under Chapter 109A, 110, or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life. As a consequence, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

4.      The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions:  where the defendant resides; where the defendant is employed; and where the defendant is a student.  The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information.  The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the

2

defendant's name, residence, employment, or student status. The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

## II.    ELEMENTS AND FACTUAL BASIS

5.    The defendant understands the nature of the offenses set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

a.    The defendant conspired with one or more other persons to knowingly recruit, entice, harbor, transport, provide, advertise, maintain, patronize, solicit, or obtain a person;

b.    The defendant knew or believed that the person would be caused to engage in a commercial sex act; and

c.    The recruiting, enticing, harboring, transporting, providing, advertising, patronizing, maintaining, soliciting, or obtaining was done in or affecting interstate commerce or within the special maritime and territorial jurisdiction of the United States

## FACTUAL BASIS

6.    The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a.    Beginning in or about 2015 and continuing to in or about 2016, the exact dates being unknown to the United States Attorney, in the Western District of New York, and elsewhere, the defendant, **JOSEPH BARSUK**, did knowingly and willfully combine, conspire, and agree with others, known and unknown to the United States Attorney, to knowingly recruit, entice, harbor, transport, provide, advertise, maintain, patronize, solicit, and obtain by any means, in and affecting interstate commerce, a person known to the United States Attorney, Victim 1, knowing or in reckless disregard of the fact that means of

3

force, fraud, and coercion, and a combination of such means, would be used to cause such persons known to the United States Attorney to engage in a commercial sex act.

b.     Specifically, in or around 2015, the defendant met Victim 1 at Pharaoh's Gentlemen's Club ("PGC"). At that time, Victim 1 was heavily addicted to cocaine and heroin, which was well known to PGC staff and customers, and became known to the defendant.

c.     Between 2015 and 2016, the exact dates being unknown, the defendant engaged in sexual contact with Victim 1. The defendant rented an apartment month-to-month for Victim 1, provided her with a vehicle, and provided funds for drugs when Victim 1 needed them. When Victim 1 began to experience withdrawal symptoms from heroin, the defendant would coerce her to have sex with him before taking her to get more drugs. The defendant repeatedly provided the money and drove Victim 1 to locations to purchase heroin and cocaine. The defendant agrees that both heroin and cocaine are manufactured outside of New York State and affect interstate commerce.

d.     The defendant admits that he conspired with PGC employees to allow him to engage in sex acts with Victim 1, including by paying PGC employees when he was engaging in such sex acts with Victim 1.

e.     The above facts are set forth for the limited purpose of complying with Fed. R. Crim. P. 11(b)(3) and are not intended to serve as a complete statement of the defendant's criminal conduct.

## III.    SENTENCING GUIDELINES

7.     The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

8.     The government and the defendant agree that Guidelines § 2G1.1(a)(1) applies to the offense of conviction and provides for a base offense level of **34**.

4

## U.S.S.G. CHAPTER 3 ADJUSTMENTS

9.     The government and the defendant agree that the following adjustment to the base offense level does apply:

   a.   The 2-level increase of Guidelines § 3A1.1(b) (vulnerable victim).

## ADJUSTED OFFENSE LEVEL

10.     Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is **36**.

## ACCEPTANCE OF RESPONSIBILITY

11.     At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of **33**.

## CRIMINAL HISTORY CATEGORY

12.     It is the understanding of the government and the defendant that the defendant's criminal history category is **III**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

13.     It is the understanding of the government and the defendant that, with a total offense level of **33** and criminal history category of **III**, the defendant's sentencing range would be a term of imprisonment of **168 to 210 months**, a fine of **$35,000 to $250,000**, and a period of supervised release of **5 years to life**.   Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

14.     Notwithstanding the above calculations, it is the agreement of the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that the Court at the time of sentence impose a term of imprisonment of **60 to 120 months**.  If, after reviewing the presentence report, the Court rejects this agreement, the parties will be relieved of their other obligations under this agreement and the defendant shall then be afforded the opportunity to withdraw the plea of guilty.  This agreement does not affect the amount of a fine, the amount of restitution, or the length and conditions of a term of supervised release that may be imposed by the Court at sentencing.

15.     The defendant understands that except as set forth in ¶ 14, above, the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

16. In the event the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV.    STATUTE OF LIMITATIONS

17. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.    IMMIGRATION CONSEQUENCES

18. The defendant represents that the defendant is a citizen of the United States. However, if the defendant is a naturalized citizen of the United States, the defendant understands that pleading guilty may result in denaturalization and removal. If the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant understands that any effect that the defendant's conviction in this action will have upon the defendant's immigration status, that is, possible removal, denaturalization, or other immigration consequence, is the subject of a

separate proceeding. The defendant has had an opportunity to fully determine what the consequences of the defendant's conviction may be on the defendant's immigration status, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the guilty plea may entail.

19.     The defendant understands that the defendant is bound by the guilty plea regardless of the immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to the guilty plea and to the sentence based on those consequences, and agrees not to seek to withdraw the guilty plea or to file a direct appeal or any kind of collateral attack challenging the guilty plea, conviction, or sentence based on the immigration consequences of the guilty plea, conviction, or sentence. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in the appropriate forum.

## V.     GOVERNMENT RIGHTS AND OBLIGATIONS

20.     The defendant understands that the government has reserved the right to:

a.   provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.   respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c. advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment; and,

d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

21.     At sentencing, the government will move to dismiss the open counts of the Indictment in this action as against the defendant.

22.     The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI.    RESTITUTION AND FINANCIAL PENALTY PROVISIONS

23.     The defendant acknowledges that pursuant to Title 18, United States Code, Section 1593, the Court must order restitution for the full amount of the compensable losses of the victim as determined by the Court.  The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

24.     Pursuant to Title 18, United States Code, Section 3663(a)(3), Title 18, United States Code, Sections 3663A(a) & (b), Title 18, United States Code, Section 3664, and Title 18, United States Code, Section 1593, the defendant agrees to make full restitution to all

victims of the defendant's offenses as to all counts charged, whether or not the defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement. Further, the defendant agrees to pay restitution to any victims, for the entire scope of the defendant's criminal conduct, including but not limited to all matters included as relevant conduct. The defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any victim of any human trafficking offenses, charged or uncharged, under Chapter 77, United States Code, and any victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense.

25. The defendant agrees that the defendant will not oppose bifurcation of the sentencing hearing under Title 18, United States Code, Section 3664(d)(5) if the victim' losses are not ascertainable prior to sentencing.

26. The defendant agrees to disclose fully and completely all assets in which the defendant either has any property interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. The defendant agrees to make complete financial disclosure to the government by truthfully executing a sworn financial statement by the deadline set by the government, or if no deadline is set, no later than two weeks prior to the date of sentencing. The defendant agrees to authorize the release of all financial information requested by the government, including, but not limited to, executing authorization forms for the government to obtain tax information, bank account records, credit history, and social security information. The defendant agrees to discuss or answer any questions by the government relating to the defendant's complete

financial disclosure. The defendant will submit to an examination under oath and/or a polygraph examination conducted by an examiner selected by the U.S. Attorney's Office on the issue of the defendant's financial disclosures and assets, if deemed necessary by the U.S. Attorney's Office. The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the agreement and/or that may be imposed upon the defendant by the Court. In addition, the defendant promises that the defendant will make no such transfers in the future.

27.    The defendant understands and agrees that the Court, at the time of sentencing, will order that all monetary penalties imposed at that time (including any fine, restitution, or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and will be: (i) subject to immediate enforcement as provided for in Title 18, United States Code, Section 3613, and (ii) submitted to the Treasury Offset Program ("TOP") so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect any periodic payment schedule set by the Court.

28.    Under the TOP program, the Department of the Treasury will reduce or withhold any of the defendant's eligible Federal payments by the amount of the defendant's debt. This "offset" process is authorized by the Debt Collection Act of 1982, as amended by the Debt Collection Improvement Act of 1996 and the Internal Revenue Code. The government hereby provides the defendant with notice that 60 days after sentencing, unless

the monetary judgments ordered by the Court are paid in full immediately after sentencing, the government will refer the outstanding monetary judgment to TOP for the offset of any pending federal payments, and the defendant agrees not to object or contest any such action by the government and waives any further notice.

29.     The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments and does not, in any way, limit those methods available to the government to enforce the judgment.  Further, the defendant agrees not to challenge or dispute any efforts by the government to enforce collection of any monetary penalties ordered by the Court.

30.     The defendant understands and agrees that under Title 18, United States Code, Section 3664(m), the government may use all available and reasonable means to collect restitution, and pursuant to Title 18, United States Code, Section 3664(n), if the defendant is ordered to pay restitution, or pay a fine, and receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, the defendant shall be required to apply the value of such resources to any restitution or fine still owed without objection.

31.     The defendant agrees that any funds and assets in which the defendant has an interest, which have been seized or restrained by the government or law enforcement as part of the investigation underlying this plea agreement, and not subject to forfeiture, will be used

to offset any judgment of restitution and fine imposed pursuant to this plea agreement, or to satisfy any debts owed by the defendant to the government and/or agencies thereof.

32.     To the extent that the defendant has an interest, the defendant authorizes the District Court Clerk to release any funds posted as security for the defendant's appearance bond in this case, which funds shall be applied to satisfy the financial obligations of the defendant pursuant to the judgment of the Court.

33.     The defendant is aware that voluntary payment of restitution prior to adjudication of guilt is a factor in considering whether the defendant has accepted responsibility under United States Sentencing Guidelines §3El.1.

## VII.   APPEAL RIGHTS

34.     The defendant knowingly waives the right to appeal and collaterally attack the defendant's conviction in any proceeding, including, but not limited to, an application under Title 28, United States Code, Section 2255, and/or Section 2241. In addition to any other claims the defendant might raise, the defendant knowingly waives the right to challenge the conviction(s) based on: (1) any non-jurisdictional defects in the proceedings prior to entry of this plea; (2) a claim that the statute to which the defendant is pleading guilty is unconstitutional, (except in the event that, in the future, the Supreme Court finds the statute in question unconstitutional); and (3) a claim that the conduct admitted in the Factual Basis of this plea agreement does not fall within the scope of the statute to which the defendant is pleading guilty.

35.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal and collaterally attack, in any proceeding, including but not limited to, an application under Title 28, United States Code, Section 2255 and/or Section 2241, any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment of **168 to 210 months**, a fine of **$35,000 to $250,000**, and a period of supervised release of **5 years to life**, notwithstanding the manner in which the Court determines the sentence. The defendant further knowingly waives the right to appeal and/or collaterally attack any condition of supervised release imposed by the Court for which the defendant had notice, including from a recommendation by the Probation Office in the Presentence Investigation Report, and did not object. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

36.    The defendant understands that by agreeing not to collaterally attack the conviction or sentence in any proceeding, including, but not limited to, an application under Title 28, United States Code, Section 2255 and/or Section 2241, the defendant is waiving the right to challenge the conviction or sentence in the event that, in the future, the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

14

37.    The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment of **60 to 120 months**, a fine of **$35,000 to $250,000**, and a period of supervised release of **5 years to life**, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

38.    By entering this plea of guilty, the defendant waives any and all right to withdraw the defendant's plea or to attack the defendant's conviction or sentence, either on direct appeal or collaterally, on the ground that the government has failed to produce any discovery material, (other than material the government was required to produce under *Brady v. Maryland* and its progeny), that has not already been produced as of the date of the signing of this Agreement.

39.    Notwithstanding the foregoing, nothing in the Appeal Rights section of this plea agreement shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise.

**TOTAL AGREEMENT AND AFFIRMATIONS**

40.    This plea agreement represents the total agreement between the defendant, **JOSEPH BARSUK**, and the government.  There are no promises made by anyone other than those contained in this agreement.  This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

MICHAEL DIGIACOMO
United States Attorney
Western District of New York

BY:    CAITLIN M. HIGGINS
Assistant United States Attorney

Dated:  August __11__, 2025

I have read this agreement, which consists of pages 1 through 16.  I have had a full opportunity to discuss this agreement with my attorney, James Quinn Auricchio, Esq.  I agree that it represents the total agreement reached between me and the government.  No promises or representations have been made to me other than what is contained in this agreement.  I understand all of the consequences of my plea of guilty.  I fully agree with the contents of this agreement.  I am signing this agreement voluntarily and of my own free will.

JOSEPH BARSUK
Defendant

Dated:  August __11__, 2025

JAMES QUINN AURICCHIO, ESQ.
Attorney for the Defendant

Dated:  August __11__, 2025

16